Citation Nr: 1814064 
Decision Date: 03/08/18 Archive Date: 03/14/18

DOCKET NO. 10-25 927 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial increased evaluation in excess of 10 percent prior to May 6, 2014, and in excess of 30 percent on or after May 6, 2014, for degenerative disc disease of the cervical spine.

2. Entitlement to an initial increased evaluation in excess of 10 percent for degenerative disc disease of the lumbar spine.

3. Entitlement to an initial evaluation in excess of 10 percent for left upper extremity radiculopathy.

4. Entitlement to an initial evaluation in excess of 10 percent for left lower extremity radiculopathy.

5. Entitlement to an initial evaluation in excess of 10 percent for right lower extremity radiculopathy.

6. Entitlement to service connection for a right wrist disorder.

7. Entitlement to service connection for other gynecological disorders, including ovarian cyst, metrorrhagia, abnormal pap smear, and Bartholin cyst,

8. Entitlement to a total disability evaluation based on unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Rideout-Davidson, Counsel


INTRODUCTION

The Veteran had active duty service from January 1987 to January 2009.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from May 2009 and May 2011 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas and St. Petersburg, Florida, respectively. 

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in May 2012. A transcript of that hearing has been associated with the claims file.

The Board remanded the claim for further development in May 2013. That development has been completed, and the case has since been returned to the Board for appellate review.
 
This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. 
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

With regard to the Veteran's cervical and lumbar spine claims, a remand is required in light of a decision issued by the United States Court of Appeals for Veterans Claims (Court), Correia v. McDonald, 28 Vet. App. 158 (2016). In Correia, the Court concluded that 38 C.F.R. § 4.59 required VA examinations to include joint testing for pain on both active and passive range of motion, as well as with weight-bearing and nonweight-bearing. In this case, although the Veteran was afforded a VA examination in May 2014, the examination report does not satisfy the requirements under Correia. As such, additional VA examinations are required in this case.

Additionally, the Board finds that the Veteran's claims for radiculopathy of the left upper extremity and right and left lower extremities, as well as her claim for TDIU are also inextricably intertwined with the cervical and lumbar spine claims being remanded. For this reason, the issues of entitlement to increased evaluations for the cervical and lumbar spine must be resolved prior to resolution of the claims for radiculopathy and TDIU. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). 
 
The Board also notes that, during the Veteran's May 2012 hearing, the Veteran testified regarding ongoing medical treatment from the Sunrise Medical Center/Group and the Cleveland Clinic. In May 2013, the Board remanded the Veteran's claims in order to obtain those records. While the AOJ requested a signed release from the Veteran in September 2013, the Veteran did not respond. However, the Board also notes that, in December 2013, the Veteran sent notice to VA that she had relocated to another state. Thus, it is unclear at whether the Veteran may have received the request for authorization to obtain the records on her behalf. Therefore, the Board finds that the AOJ should made an additional attempt to obtain such records.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for her claimed disorders, to include Sunrise Medical Center and the Cleveland Clinic. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file. 

Any outstanding, relevant VA medical records should also be obtained and associated with the claims file.

2. After the above development has been completed, the Veteran should be afforded a VA examination to ascertain the severity and manifestation of her service-connected degenerative disc disease of the lumbar spine. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

The examiner should note that the Veteran is competent to attest to factual matters of which she has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.
 
The examiner should report all signs and symptoms necessary for rating the disability. In particular, he or she should provide the range of motion in degrees and test the Veteran's range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing. 

The examiner should also indicate whether there is any form of ankylosis and state the total duration of incapacitating episodes during the past 12 months. 

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability, including any additional loss of motion, due to those factors.

In addition, the examiner should identify any and all associated neurologic abnormalities. 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

3. After the above development has been completed, the Veteran should be afforded a VA examination to ascertain the severity and manifestation of her service-connected degenerative disc disease of the cervical spine. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions.

The examiner should note that the Veteran is competent to attest to factual matters of which she has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.
 
The examiner should report all signs and symptoms necessary for rating the disability. In particular, he or she should provide the range of motion in degrees and test the Veteran's range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing. 

The examiner should also indicate whether there is any form of ankyloses, any muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis and the severity of the radiculopathy present. 

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability, including any additional loss of motion, due to those factors.

In addition, the examiner should identify any and all associated neurologic abnormalities. 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review. 

4. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.

5. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of the additional evidence. If the benefits sought on appeal are not granted, the Veteran and her representative should be furnished a Supplemental Statement of the Case (SSOC) and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 
 
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).